ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SOUTH LAKE TAHOE RETIREES ASSOCIATION,<br><br>Plaintiff,<br><br>*v.*<br><br>CITY OF SOUTH LAKE TAHOE,<br><br>Defendant. | Case No.: Case No.: 2:15-CV-02502-KJM-CKD<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER SETTING PRELIMINARY INJUNCTION HEARING** |

The ex parte application of Plaintiff City of South Lake Tahoe Retirees Association (CSLTRA) for a temporary restraining order was filed on May 22, 2017. The City filed its opposition to CSLTRA's ex parte application on May 26, 2017. A telephonic hearing was held May 30, 2017, at 3:00 p.m. CSLTRA was represented by Joseph W. Rose. The City was represented by Thomas T. Watson and Nira Feeley Doherty.

Upon review of CSLTRA's First Amended Complaint, Application, memorandum of points and authorities in support thereof, the declarations and exhibits attached thereto, all other papers submitted by CSLTRA, the City's opposition brief, the declaration attached thereto, and the arguments of counsel

and/or parties, the court finds as a threshold matter that CSLTRA has standing to apply for the Temporary Restraining Order ("TRO") requested. Further, it appears to the satisfaction of the Court that this is a proper case for issuing an interim TRO and setting a hearing to determine whether a preliminary injunction should issue.

Unless a TRO is granted, irreparable injury may result to CSLTRA and its members. Serious questions are raised by the City's challenged retiree health opt-out program and potential payments to CalPERS from the Retiree Health Savings Plan Trust Fund. Given the potential risk that implementation of the opt-out program poses to the City's ability to guarantee promised payments of retiree health benefits to all retirees who do not opt out, the irreversibility of opt-out payments once made to designated accounts, and the current cutoff for opt-out requests of May 31, 2017, the Court finds the balance of hardships tips sharply in favor of CSLTRA. *See White Mountain Apache Tribe v. State of Arizona,* 649 F.2d 1274, 1285 (9th Cir. 1981); *cf. Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 624 (5th Cir. 1985) (preliminary injunction warranted where administrative difficulties had potential to frustrate plaintiff's recovery of refunds). Good cause appearing therefore, the Court hereby orders as follows:

**IT IS HEREBY ORDERED** that CSLTRA's ex parte application for a temporary restraining order is GRANTED. The City of South Lake Tahoe and its agents, representatives, and all persons acting in concert or participating with the City is/are temporarily restrained and enjoined from making any payments, disbursements, or expenditures of money of any kind or character from the City's approximate $6.6 million segregated Retiree Health Savings Plan Trust, which is sometimes also referred to as the Other Post Employment Benefit (OPEB) Trust Fund, and is hereinafter referred to as the "Trust Fund."

**IT IS FURTHER ORDERED** that the City of South Lake Tahoe appear either personally or by counsel in Courtroom 3 of this Court located at 501 I Street, Sacramento, California, on June 27, 2017 at 2:00 p.m., to address whether:

    1.    The City and its agents, representatives, and all persons acting in concert or participating with it should be enjoined and restrained during the pendency of this action from engaging in, committing, or performing directly or indirectly any of the following acts:

a. Spending down the Trust Fund to fund its "Optional Opt-Out Election of Post-Employment Medical Plan;"

b. Spending down the balance of the Trust Fund to pay the California Public Employees Retirement System (CalPERS) for pension costs; and

c. Using the Trust Fund money for purposes not directly connected to retiree health benefits; and

2. The Court should impose a constructive trust upon the Trust Fund restricting its use to payment of retiree health benefits to retirees and their beneficiaries during the pendency of this action.

**IT IS FURTHER ORDERED THAT:**

1. This order and temporary restraining order and all of CSLTRA's ex parte papers including memorandum of points and authorities and declarations shall be served on the City of South Lake Tahoe or their counsel no later than June 1, 2017 by overnight mail/e-service/personal service. Proof of such service shall be filed with the Court at least 21 court days prior to the hearing;

2. Any opposition to a preliminary injunction shall be filed and served on CSLTRA's counsel by e-service no later than June 13, 2017;

3. Any reply papers to the opposition shall be filed and served on the City of South Lake Tahoe and its counsel by e-service no later than June 20, 2017; and

4. CSLTRA shall not be required to post a security bond.

IT IS SO ORDERED.

DATED: May 31, 2017.

_____
UNITED STATES DISTRICT JUDGE